IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,090




EX PARTE CHARLES FRANKIE NIETO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 4-95-95-A-A IN THE 114TH JUDICIAL DISTRICT COURT
FROM SMITH COUNTY



           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his conviction. Nieto v.
State, No. 12-95-00204-CR (Tex. App. – Tyler, May 29, 1997, no pet.)
            Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because he failed to communicate with Applicant regarding the content and progress of the appeal,
filed an appeal that failed to raise meritorious points of error was insufficiently briefed, and failed
to advise Applicant when the court of appeals affirmed the conviction so that Applicant could pursue
discretionary review. We remanded this application to the trial court for findings of fact and
conclusions of law.
            The trial court has determined that there is no evidence that appellate counsel communicated
with Applicant either before or after filing the appeal of this matter, or that appellate counsel
informed Applicant that his conviction had been affirmed and that Applicant had a right to file a pro
se petition for discretionary review. The trial court recommends granting Applicant the opportunity
to file an out-of-time petition for discretionary review. However, because appellate counsel’s
deficient performance amounted to the deprivation of counsel during the direct appeal, we find that
Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction
in Case No. 4-95-95-A-A from the 114th Judicial District Court of Smith County. Applicant is
ordered returned to that time at which he may give a written notice of appeal so that he may then,
with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the
sentence had been imposed on the date on which the mandate of this Court issues. We hold that,
should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice
of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's
remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997).
 
 
Delivered: February 4, 2009
Do Not Publish